## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## ASSOCIATE CIRCUIT JUDGE DIVISION

| | |
|---|---|
| JEFF COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: |
| I.Q. DATA INTERNATIONAL, INC., ) | |
| ) | Division |
| Serve registered agent at: ) | |
| CSC – Lawyers Incorporating Service Co. ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101 ) | |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Serve registered agent at: ) | |
| The Corporation Company ) | |
| 120 South Central Avenue, Suite 400 ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Serve registered agent at: ) | |
| The Prentice-Hall Corporation ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101 ) | |
| ) | |
| Defendants. ) | |

## **PETITION FOR DAMAGES**

Plaintiff Jeff Cook, through his undersigned counsel, submits his Petition for Damages against Defendants I.Q. Data International, Inc., Experian Information Solutions, Inc., Trans Union LLC, and states:

### **Parties, Jurisdiction and Venue**

1. Plaintiff Jeff Cook ("Cook") is an individual who at all times material to this Petition resided in St. Louis County, Missouri, and is a resident of the State of Missouri.

2. Cook is a "consumer" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3) as he is alleged to owe a debt as detailed in this Petition.

3. Cook is an individual and therefore a "consumer" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

4. Defendant I.Q. Data International, Inc. ("I.Q. Data") is a Washington corporation who at all times relevant to this Petition has been registered in the State of Missouri as a foreign corporation authorized to transact business in the State of Missouri.

5. I.Q. Data has been in good standing to transact business in the State of Missouri at all times relevant to this Petition.

6. According to I.Q. Data's filings with the Missouri Secretary of State, the specific purpose of I.Q. Data's business in Missouri is "collection agency/debt collections."

7. I.Q. Data represents on its website that it is a "professional collection agency, providing services to the apartment industry."

8. I.Q. Data further states on its website that its goal is to "assist past residents in resolving their debt in a fair, courteous and understanding manner."

9. I.Q. Data's website states the communication on its website is "from a debt collector."

10. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principle place of business in the State of California. Experian has at all times material to this Petition been registered in the State of Missouri as a foreign corporation and has been in good standing to transact business in the State of Missouri.

11. Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA. Experian is regularly engaged in the business of assembling, evaluating, and disbursing

2

information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Defendant Trans Union, LLC is a Delaware Limited Liability Company with its principle place of business in the State of Illinois. Trans Union has at all times material to this Petition been registered in the State of Missouri as a foreign corporation and has been in good standing to transact business in the State of Missouri.

13. Trans Union is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

14. Jurisdiction is proper in the Court under the FDCPA, 15 U.S.C. §1692k(d), because this Court is a court of competent jurisdiction to adjudicate actions brought under the FDCPA.

15. Jurisdiction is proper in the Court under the FCRA, 15 U.S.C. §1681p, because this Court is a court of competent jurisdiction to adjudicate actions brought under the FCRA.

16. Venue is proper in the Circuit Court of the St. Louis County, Missouri, because Cook was first harmed in St. Louis County, Missouri.

## Background

17. On or about October 18, 2022, Cook received an indication on his consumer credit report that an account was being adversely reported by I.Q. Data on his consumer credit report by I.Q. Data to Equifax, Experian and Trans Union (collectively referred to as the "Credit Reporting Agencies").

18. I.Q. Data never communicated with Cook regarding the purported debt before reporting the account to the Credit Reporting Agencies.

19. I.Q. Data reported to the Credit Reporting Agencies that Cook owed $10,591 to a "creditor" named "Ashwood Valley Ct."

20. On information and belief, Ashwood Valley Court is an apartment or condominium complex.

21. Cook never resided at Ashwood Valley Court.

22. Cook never entered into a lease agreement or any agreement regarding any property located at Ashwood Valley Court.

23. Cook never entered into a lease agreement or any agreement with Ashwood Valley Court or any entity acting on Ashwood Valley Court's behalf.

24. On information and belief, the "Ashwood Valley Court" account being reported by I.Q. Data on Cook's report concerned a different person also named Jeff Cook who lives or lived in Danbury, Connecticut.

25. Cook has never lived in Danbury, Connecticut or in the State of Connecticut.

26. Cook was never contacted by phone or in writing by I.Q. Data before I.Q. Data adversely reported that Cook owed $10,591 to "Ashwood Valley Ct."

27. The Ashwood Valley Court debt alleged to be owed by I.Q. Data was never owed by Cook as Cook never transacted business or entered into any agreement with Ashwood Valley Court or any person or entity acting on Ashwood Valley Court's behalf.

28. The purported Ashwood Valley Court debt was a consumer debt as it was allegedly incurred for personal or household purposes.

29. As a result of Defendants' improper reporting and failure to correct these errors, Plaintiff also incurred emotional stress and anxiety.

30. The FCRA causes of action set forth in this Petition pertain to Plaintiff's "consumer credit report(s)" as defined by the FCRA, 15 U.S.C. § 1681a(d).

31. In October 2022, shortly after receiving the negative reporting on his credit, Cook disputed the negative reporting to the Credit Reporting Agencies.

32. In October 2022, shortly after receiving the negative reporting on his credit, Cook disputed the legitimacy of the account and the negative reporting with I.Q. Data.

33. Cook disputed the reporting to the Credit Reporting Agencies that the account was not his, and, as such, should not be reported on his credit.

34. In response to his disputes, Equifax removed the account from Cook's consumer credit report and is no longer reporting the account.

35. Despite disputing the inaccuracy of the reporting, I.Q. Data failed to correct the errors it furnished to Experian and Trans Union, who continued to adversely report the account on Cook's consumer credit report.

36. Despite being advised of these errors, Experian and Trans Union, unlike Equifax, failed to correct and/or these errors and to conduct a reasonable investigation of these errors.

37. Plaintiff was significantly harmed as a result of the erroneous information furnished by I.Q. Data to Experian and Trans Union and by Experian and Trans Union's failure to correct and/or remove these errors from Cook's consumer credit report.

38. Plaintiff was denied credit because of the erroneous reporting.

39. Defendants' failure to correct its improper reporting while knowing or having reason to know its reporting was improper and displayed a conscious disregard for Plaintiff's rights.

**Count I –Violations of the Fair Debt Collection Practices Act,
15 U.S.C. §1692, *et seq.* (Against Defendant I.Q. Data)**

40. Cook incorporates the allegations of the previous paragraphs as if fully stated in this Count.

41. This lawsuit concerns a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5), because I.Q. Data alleged Cook owed a sum of money arising out of a transaction that was primarily for personal, family or household purposes.

42. I.Q. Data is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another entity.

43. I.Q. Data is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

44. I.Q. Data's actions violate the FDCPA, 15 U.S.C. §1692e(2)(A), because it misrepresented the amount of the debt allegedly owed by Cook.

45. I.Q. Data's actions violated the FDCPA, 15 U.S.C. §1692e(8) because it communicated credit information regarding Cook that it knew or should have known to be false.

46. I.Q. Data's actions violate the FDCPA, 15 U.S.C. §1692e(10) and the FDCPA's corresponding regulations, because I.Q. Data used false representations and/or deceptive means to collect a debt by attempting to pressure Cook to pay a debt he did not owe by falsely reporting the debt on his consumer credit report and by not communicating with Cook regarding the alleged debt before reporting the debt on his consumer credit report.

47. I.Q. Data's actions violate FDCPA, 15 U.S.C. §1692e and the FDCPA's corresponding regulations, because I.Q. Data's conduct constitutes a false, deceptive, or

Electronically Filed - St Louis County - January 17, 2023 - 03:52 PM

misleading representation as a means to collect a debt, by attempting to pressure Cook to pay a debt he did not owe by falsely reporting the debt on his consumer credit report and by not communicating with Cook regarding the alleged debt before reporting the debt on his consumer credit report.

48.	I.Q. Data's actions violate the FDCPA, 15 U.S.C. §1692f and the FDCPA's corresponding regulations, because I.Q. Data used an unfair or unconscionable means to collect a debt by attempting to pressure Cook to pay a debt he did not owe by falsely reporting the debt on his consumer credit report and by not communicating with Cook regarding the alleged debt before reporting the debt on his consumer credit report.

49.	I.Q. Data's actions violate the FDCPA, 15 U.S.C. §1692f and. The FDCPA's corresponding regulations, because I.Q. Data used an unfair or unconscionable means to collect a debt by attempting to pressure Cook to pay a debt he did not owe by falsely reporting the debt on his consumer credit report and by not communicating with Cook regarding the alleged debt before reporting the debt on his consumer credit report.

50.	I.Q. Data's actions violate the FDCPA, 15 U.S.C. §1692f(1), because it attempted to collect an amount not authorized by law.

51.	Cook incurred significant stress and anxiety because of I.Q. Data's actions.

52.	Due to I.Q. Data's illegal conduct as described above, Cook is entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1).

53.	Due to I.Q. Data's illegal conduct as described above, Cook is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. §1692k(a)(2)(A).

54.	Due to I.Q. Data's illegal conduct as described above, Cook is entitled to costs and attorneys' fees under the FDCPA, 15 U.S.C. §1692k(a)(3).

WHEREFORE Plaintiff Jeff Cook requests that the Court enter a judgment against Defendant I.Q. Data International, Inc., for an amount of up to $25,000.00 for all actual damages, statutory damages and attorney's fees available under the Fair Debt Collection Practices Act and for his court costs, and all applicable post-judgment interest.

### Count II – Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*
### (Against Defendant I.Q. Data)

55. Plaintiff incorporates the allegations of the previous paragraphs as if fully stated in this Count.

56. On information and belief, during the investigation of Plaintiff's dispute, I.Q. Data discovered the correct status of Plaintiff's account (that the account did not belong to Cook) and the correct balance (no amount owed) but I.Q. Data willfully failed to correct the incorrect information on Plaintiff's consumer credit report in violation of 15 U.S.C. §§1681s-2(a)(1)(A), (a)(1)(B).

57. Alternatively, and on information and belief, I.Q. Data failed to investigate its erroneous reporting at all, as required by 15 U.S.C. §§1681s-2(b)(1)(A).

58. On information and belief, I.Q. Data failed to review and properly consider all information provided to it by the CRAs concerning Plaintiff's disputes as required by 15 U.S.C. §§1681s-2(b)(1)(B).

59. Due to I.Q. Data failure to investigate, I.Q. Data failed to correct and Plaintiff's credit information as required by 15 U.S.C. §1681s-2(b)(1)(E).

60. I.Q. Data regularly and in the ordinary course of business furnishes information to the CRAs and furnished information to the CRA's that was not complete or accurate, in violation of 15 U.S.C. §1681s-2(a)(2).

61. Plaintiff is entitled to damages for their actual damages, the cost of bringing this action, and reasonable attorneys' fees due to I.Q. Data's violations of the FCRA. *See* 15 U.S.C. §1681o.

62. Plaintiff is entitled to actual damages or statutory damages, punitive damages, costs of the action, and reasonable attorney's fees due to I.Q. Data's violations of the FCRA. *See* 15 U.S.C. §1681n.

WHEREFORE Plaintiff Jeff Cook requests that the Court enter judgment against Defendant I.Q. Data International, Inc. for an amount of up to $25,000.00 for all actual damages, statutory damages and attorney's fees available under the Fair Credit Reporting Act and for his court costs, and all applicable post-judgment interest.

**Count III – Violations of the FCRA, 15 U.S.C. § 1681** ***et seq.***
**(Against Defendants Experian and Trans Union)**

63. Plaintiff incorporates the allegations of the previous paragraphs as if fully stated in this Count.

64. Defendants Experian and Trans Union are collectively referred to as "Defendants" in this Count.

65. Defendants violated 15 U.S.C. §1681e(b) of the FCRA by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning Plaintiffs.

66. Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit reports.

67. Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file and/or failing to promptly correct the inaccurate information.

68. As a result of Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

69. The violations by Defendants were willful, rendering the Defendants each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE Plaintiff Jeff Cook requests that the Court enter judgment against Defendants Experian Information Solutions, Inc. and Trans Union LLC for an amount of up to $25,000.00 for all actual damages, statutory damages and attorney's fees available under the Fair Debt Collection Practices Act and for his court costs, and all applicable post-judgment interest.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

Attorneys for Plaintiff